UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LAURA PRESTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:05 CV 451 JCH |
| ) | |
| LAUREN WEINHOLD, ) | |
| THE KAPPA DELTA SORORITY, INC., ) | |
| and EDWARD WALSH, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Laura Preston's Motion for Remand, filed September 28, 2005. (Doc. No. 10). The matter is fully briefed and ready for disposition.

## BACKGROUND

Plaintiff filed her original Petition in this matter in Circuit Court for the City of St. Louis on January 28, 2005. (Notice of Removal, Doc. No. 1, attached exh. 1). She seeks damages for injuries resulting from an automobile accident in which Defendant Weinhold was the driver and Plaintiff was a passenger. Defendant then removed the action to this court on March 18, 2005, under 28 U.S.C. § 1332(a)(1). (Notice of Removal, Doc. No. 1). Plaintiff is a resident of Missouri, and Defendant Weinhold is a resident of Illinois. On September 27, 2005, Plaintiff amended her complaint to add two additional defendants. Defendant Kappa Delta Sorority is a resident of Tennessee, and Defendant Welsh is a resident of Missouri. (First Amended Complaint, Doc. No. 12). On September 28, 2005, Plaintiff filed the Motion for Remand. (Doc. No. 10).

1

## DISCUSSION

As stated above, Defendant removed this action pursuant to 28 U.S.C. § 1332(a)(1), which provides as follows:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000[1], exclusive of interest and costs, and is between --

(1) citizens of different States;...

Id. At present, this action lacks the requisite diversity, as both Plaintiff and Defendant Welsh are residents of Missouri. Defendant Weinhold agrees that Defendant Welsh's presence destroys complete diversity of citizenship. (Defendant's Memorandum in Opposition, Doc. No. 13). She however suggests that the Court may deny joinder under 28 U.S.C. § 1447(e). It is true that under § 1447(e), a Court may "deny joinder, or permit joinder and remand the action to the State court." Defendant Weinhold provides the Court with no reasons why it should deny joinder of Defendant Welsh, so the Court will decline her invitation.

As this Court now lacks subject matter jurisdiction, the case must be remanded back to the Circuit Court for the City of St. Louis pursuant to 28 U.S.C. § 1447.

---

[1] In the instant case, there is no dispute that the amount in controversy exceeds $75,000.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Preston's Motion to Remand (Doc. No. 10) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Circuit Court of the City of St. Louis, State of Missouri. An appropriate Order of Remand will accompany this Order.

Dated this 1st day of November, 2005.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com